# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANTHONY TADDA, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC., AND WASTE MANAGEMENT OF NEW MEXICO, INC.,<br><br>Defendants. | Case No.: 09CV1035<br><br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

Plaintiff Anthony Tadda ("Plaintiff") individually and on behalf of other similarly situated individuals, for his Complaint against Defendants Waste Management, Inc. and Waste Management of New Mexico, Inc. ("Defendants"), states as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff was previously an "opt-in" plaintiff in a Fair Labor Standards Act overtime case captioned Saleen et al. v. Waste Management, Inc., No. 08-4959 PJS/JJK, which was filed on August 18, 2008, in the United States District Court for the District of Minnesota. Plaintiff worked as a driver for Defendants in New Mexico during the time periods relevant herein. During Plaintiff's employment, Defendants automatically deducted one-half hour of pay from Plaintiff each day to account for meal and/or break periods. Plaintiff, however, regularly worked without taking full half-hour uninterrupted meal and/or break periods. As a result of Defendant's unlawful practices, Plaintiff customarily and regularly worked for Defendants in excess of forty (40) hours per week without being paid for all overtime hours worked.

2.  On June 15, 2009, the Honorable Magistrate Judge Jeffery J. Keyes denied the plaintiffs' motion in the <u>Saleen</u> case for nationwide conditional class certification and judicial notice pursuant to 29 U.S.C. § 216(b). The plaintiffs in the <u>Saleen</u> case subsequently sought review of the order by the Honorable Judge Patrick J. Schiltz.

3.  On September 1, 2009, Judge Schiltz affirmed the denial of the <u>Saleen</u> plaintiffs' motion for nationwide conditional class certification, and dismissed Plaintiff's claims without prejudice. The court gave Plaintiff sixty days to re-file his FLSA claims in an appropriate venue.

4.  Pursuant to Judge Schiltz's order, Plaintiff now brings this collective action for unpaid wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>

## JURISDICTION & VENUE

5.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> ("FLSA").

6.  This Court has supplemental jurisdiction over the Plaintiff's claims under the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.* ("NMMWA") pursuant to 28 U.S.C. § 1367, because those claims derive from a common nucleus of operative facts.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

8.  Defendant Waste Management, Inc. is a foreign corporation with its principal place of business in Houston, Texas. Defendant Waste Management of New Mexico, Inc. is a

domestic corporation. Defendants provide sanitation and trash collection services throughout the United States and in the state of New Mexico. Defendants, in conjunction with their respective divisions and subsidiaries, suffered and permitted Plaintiff and those similarly situated to work on their behalf, providing sanitation and related services. Defendants each are an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (g) and the NMMWA, NMSA § 50-4-21.

9.      Plaintiff Anthony Tadda worked as a driver for Defendants in New Mexico during the applicable statute of limitations. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e) and NMSA § 50-4-21.

10.     Plaintiff brings Count I of this action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). (See Consent Form attached as Exhibit A). Plaintiff and similarly situated individuals are employees who worked for Defendants in New Mexico as drivers and/or ride-along loaders/helpers in excess of forty (40) hours per week without being paid for all overtime hours worked during the applicable statute of limitations.

11.     Plaintiff brings Count II of this action on behalf of himself and other similarly situated individuals pursuant to Fed. R. Civ. P. 23. Plaintiff and similarly situated individuals are employees of Defendants who work or worked in New Mexico as drivers and/or ride-along loaders/helpers in excess of forty (40) hours per week without being paid for all overtime hours worked as required under New Mexico law.

## FACTS COMMON TO ALL CLAIMS

12.     During the relevant statutory period, Plaintiff and similarly situated individuals worked as or performed the duties of drivers and/or ride-along loaders/helpers for Defendants.

13. During the statutory period, Defendants automatically deducted one half-hour of pay per day to account for meal and/or break periods.

14. During the statutory period, Plaintiff regularly worked without taking full half-hour uninterrupted meal and/or break periods.

15. During the statutory period, Plaintiff and similarly situated individuals routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked.

16. These practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including, but not limited to, 29 U.S.C. § 207, as well as the NMMWA, NMSA § 50-4-22. As a result of these unlawful practices, Plaintiff and similarly situated individuals have suffered a loss of wages.

17. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of these laws.

## NEW MEXICO CLASS ALLEGATIONS

18. Plaintiff brings Count II on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The New Mexico Rule 23 Class is defined as "all individuals who are currently or have been employed by Defendants as drivers and/or ride-along loaders/helpers in any of its New Mexico locations and who were subjected to Defendants' time-keeping system that automatically deducted time to account for meal breaks" (the "New Mexico Rule 23 Class").

19. The persons in the New Mexico Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is

unknown, upon information and belief, Defendants have employed at least one hundred persons who satisfy the definition of the New Mexico Rule 23 Class.

20. There are questions of law and fact common to this New Mexico Rule 23 Class that predominate over any questions solely affecting individual members of the New Mexico Rule 23 Class, including but not limited to:

    a. Whether Defendants violated the overtime provisions of the NMMWA by not paying the Plaintiff and the New Mexico Rule 23 class for time spent working during their meal breaks;

    b. The proper measure of damages sustained by class members;

    c. Whether Defendants should be enjoined from such violations in the future.

21. Plaintiff's claims are typical of those of the New Mexico Rule 23 Class. Plaintiff and other members of the New Mexico Rule 23 Class have suffered harm due to the failure of Defendants to pay them overtime compensation for the time they worked over forty (40) hours per week.

22. Plaintiff will fairly and adequately protect the interests of the New Mexico Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

24. Class certification of Count II is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New Mexico Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The New Mexico Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

25. Class certification of Count II is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Mexico Rule 23 Class predominate over any questions affecting only individual members of the New Mexico Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New Mexico Rule 23 Class overtime pay to which they are entitled. The damages suffered by the individual New Mexico Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

26. Class certification of Count II is also appropriate under Fed. R. Civ. P. 23(b)(3) because the NMMWA expressly provides for class action treatment of claims under the NMMWA. NMSA § 50-4-26(D).

27. Plaintiff intends to send notice to all members of the New Mexico Rule 23 Class to the extent required by Rule 23.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff and similarly situated individuals incorporate the foregoing paragraphs by reference as if fully set forth herein.

29. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

30. Defendants' actions, policies, and/or practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals at the required overtime rate.

31. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

32. Plaintiff and similarly situated individuals incorporate the foregoing paragraphs by reference as if fully set forth herein.

33. The NMMWA, at NMSA § 50-4-22, requires employers to pay employees one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week. NMSA § 50-4-26(D) provides for a private right of action for employees to recover damages for violations of the NMMWA. Employers who violate NMSA § 50-4-22 are liable for unpaid or underpaid wages, plus interest, plus an additional amount equal to twice the unpaid or underpaid wages. NMSA § 50-4-26(C).

34. In addition to damages and other appropriate relief under the law, employers who violate the NMMWA are liable to the affected employees for the employees' costs and attorneys fees, pursuant to NMSA § 50-4-26(E).

35. Pursuant to NMSA § 50-4-32, Plaintiff and similarly situated individuals may recover damages for "all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred."

36. Defendants' actions, policies, and/or practices as described above violate the NMMWA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and the New Mexico Rule 23 Class at the required overtime rate for all time worked.

37. As the direct and proximate result of Defendant's unlawful conduct, the Plaintiff and the New Mexico Rule 23 Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the New Mexico Rule 23 Class are also entitled to their double their unpaid wages, interest, attorney's fees, and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all individuals similarly situated who join in this action demand:

1. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2. An equal amount to the overtime damages as liquidated / statutory damages under the FLSA;

3. An amount equal to twice the overtime damages as statutory damages under the NMMWA.

4. All costs and attorney's fees incurred in prosecuting this claim;

5. An award of pre- and post-judgment interest;

6. An order enjoining Defendants from further violations of state and federal law as described herein;

7. Injunctive relief ordering Defendants to post in the place of business an order describing violations by them;

8. That Defendants' violations, as described above, are found to be willful;

9. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such further relief as the Court deems just and equitable.

          Respectfully submitted,

          MOODY & WARNER, P.C.
          *Electronically filed by Whitney Warner 10.29.9*
          Whitney Warner
          4169 Montgomery Blvd NE
          Albuquerque, NM 87109
          Telephone: (505) 944-0033
          Facsimile: (505) 944-0034
          whitney@nmlaborlaw.com

          NICHOLS KASTER, LLP
          Matthew C. Helland, CA Bar No. 250451
          (pro hac vice application forthcoming)
          helland@nka.com
          Jodi L. Collova, CA Bar No. 261505
          (pro hac vice application forthcoming)
          collova@nka.com
          One Embarcadero Center, Suite 720
          San Francisco, CA 94111
          Telephone: (415) 277-7235
          Fax: (415) 277-7238

          ATTORNEYS FOR PLAINTIFF AND
          PUTATIVE CLASS MEMBERS